Peck, J.
The defendant had been indicted in the county court, and on trial he was acquitted by the verdict of a jury. The solicitor took an appeal to the circuit court, where a new trial was had, and verdict of guilty. On motion, the judge arrested the judgment, and the State brings the cause, by writ of error, into this court.
In the case of the State vs. Hitchcock, this point was raised before the court in 1829, and upon the record this memorandum is endorsed by Peck, J.
“The court are unanimously of opinion that no appeal lies for the State from a verdict and judgment of acquit *361 tal on a State prosecution. The State having established her jurisdiction and tried her experiment, should be content. To permit appeals might be the means of unnecessary vexation. The practice has been as now determined, first, in our former superior court, and second, in the circuit courts, to dismiss such appeals coming from the county court. We will follow these determinations.” The case here cited had by appeal been taken from the county into the circuit court, and there dismissed.
It is now asked on what are these restrictions of the courts founded. The constitution provides, that every person charged with an offence indictablé shall have a speedy public trial by a jury, and that in certain cases of a serious character he shall not be put twice in jeopardy. Bill of Rights, sec. 9, 10.
The legislature have fixed the tribunal having cognizance of the offence, and there is no act giving the State an appeal in direct terms: it would be dangerous to allow so great a latitude of construction as to give it by implication. If the party has had a public trial by a jury, the constitution has been complied with, and after his acquittal should become a shield for him as to that offence.
But again it is asked, if no appeal is given to the State, what authority is there for allowing it to the prisoner? The first reply I would make to this enquiry is, that he could have it by certiorari, which, before the framing of our constitution, applied in such cases, and the constitution only extended the remedy to civil cases. Art. 5, sec. 6-7. By the certiorarihe could get a new trial where justice had not been done, for the courts were ¡open; and for an injury done him in lands, goods, person or reputation, he was entitled to redress without delay, and by due course of law. Bill of Rights, 17. If jeopardised in his person or rights, in any respect, by a judgment of a court contrary to law, he was not without his remedy.
But the language of our acts of assembly allowing appeals, are taken as being broad enough to cover the case, *362 where, upon a conviction on a prosecution, the defendant desires another trial.
The language of our act is, if the party be dissatisfied by judgment, sentence, or decree of any county court, &c. Act of 1794, ch. 1, sec. 63. The term “sentence” in this section may well be taken as sufficient to allow the defendant, in a prosecution, his appeal. There are other acts to the same effect. The term “sentence” cannot apply to the State where she has failed in her prosecution; so that the act cannot be taken by its letter as giving an appeal to the State, if the constitution opposed no barrier, which it is believed it does. ,
There is no reason or justice in restricting the language of our acts to civil cases, because it is of more consequence to guard the person and character of a citizen, than to guard his property. If for the smallest sum in damages he be fallowed his appeal from the judgment against him for it, how much more reasonable is it to allow the appeal where, by a sentence, his person is likely to be injured.
A fair interpretation of our acts in favor of the liberty and right the constitution guarantees, may well be taken for a defendant; while, as the terms used do not apply to the State, she shall not be permitted to experiment in the tribunal she has created, and then harrass a defendant before another by appeal. With the constitution alone before us, it is questionable if express words in an act of assembly giving an appeal to the State would authorize it.
There is still another ground more conclusive to show that an acquittal by the jury must be conclusive and irre-versable.
The plea of the prisoner is “not guilty, and for his trial puts himself upon the country.”
The oath of the jury is, “well and truly to try, and true deliverance make, between the people of the State and the accused whom they shall have in charge.” This *363 is the proper form, as well in the higher offences as in misdemeanors. 1 Chit. Cr. Law, 561. Thus the accused submits his whole fate to his jury or country. When acquittal follows by the verdict, in the language of the law, there is a deliverance by the jury that the judge has no right to gainsay. The judge on such a finding cannot grant a new trial.
' In England, a new trial cannot in general be granted at the motion of the prosecutor; the only case put in the books where it may be allowed, is where fraud has been practised by keeping out of the way the witnesses for the crown, (1 Chit. Cr. Law, 660) or proceeding to trial without notice. Neither of these would be ground for a new trial in a criminal case in this country.
The vigilance of the State guards against these accidents; and no case can be cited where such a ground has been laid for setting aside a verdict of acquittal.
Indeed, the novelty of setting aside a verdict of acquittal in this country and arraigning before a second jury would give instant alarm; it must be seen, that if allowed, men would be harrassed in the same prosecution by experiments to reach them, and it would, beget"a feeling of distrust and indignation towards the administration of the criminal law which would not be patiently borne.