THE STATE v. SCHAUNHURST *et al.*

1. Criminal law: INCEST: UNDER THE STATUTE. The intermarriage of persons within the degrees of consanguinity forbidden by the statute (Rev., §§ 4367, 4368), constitutes the crime of incest under and as defined by section 4369. To sustain a conviction, it is not necessary for the State to show, in addition, carnal knowledge between the parties.

2. —— EVIDENCE: MARRIAGE OF ANCESTORS. Nor is it necessary, where the prosecution is against a brother and sister, to show that their parents were lawfully married. The statute, in effect, forbids and declares criminal the intermarriage of illegitimate children of the same parents.

3. —— EVIDENCE OF MARRIAGE. The register of marriages, kept by the clerk of the circuit court, wherein the marriage of the defendants is shown, is, in the absence of proof to the contrary, sufficient, under section 2528 of the Revision, to establish the fact of marriage.

4. —— IDENTITY. The identity of the defendants, with the persons named in the marriage record, may be established by their admissions, the identity of the names, and by the absence of evidence that there are other parties of the same names.

5. —— RELATIONSHIP OF THE PARTIES. So, too, the relationship of the defendants may be sufficiently established by their acts and declarations.

6. —— That the first name of one of the defendants is misspelled in the certificate of the minister celebrating the marriage, will not destroy the effect of the marriage record as evidence, in the absence of all evidence against the identity of the parties.

*Appeal from Keokuk District Court.*

THURSDAY, JULY 25.

THE defendants were jointly indicted for the crime of incest, in that, being brother and sister, they did unlawfully and feloniously intermarry with each other. They were separately tried, and each convicted. They prosecute separate appeals to this court; but, the record in each being identical, the cases are submitted together.

*M. E. Cutts*, attorney-general, and *G. D. Woodin* for the State.

*Donnell & Fonda* for the appellants.

BECK, Ch. J. — The objections to the judgment and proceedings of the district court in these cases will be considered and determined in the order in which we find them presented in the brief of defendants' counsel.

I. The court, in substance, instructed the jury, that the law of the State forbids the marriage of a brother with a

1. CRIMINAL LAW: incest under the statute.

sister, and that all persons within the degree of consanguinity of brother and sister, who shall intermarry with, or carnally know each other, shall be deemed guilty of incest, and be punished, by imprisonment in the penitentiary, for a term not exceeding ten years. Counsel object to this instruction, on the ground that it improperly defines the crime of incest, which, they insist, can only be committed by carnal knowledge. While it is true that counsel's definition of the crime is correct, as the term is commonly used, yet the court's definition precisely accords with the statute. Revision, sections 4367, 4368, forbid the intermarriage of a brother with a sister, and section 4369 declares that all persons within the degrees of consanguinity, in which marriages are prohibited, who shall intermarry with, or carnally know each other, shall be deemed guilty of incest, and punished by imprisonment in the penitentiary, for a term not exceeding ten years. Crimes in this State are such as are prescribed by statute. It is entirely competent for the legislature, upon declaring an act to be a crime, to designate it by any term that may be chosen for that purpose. In this case, the statute forbids the intermarriage of persons within certain degrees of consanguinity and affinity, and provides a punishment for its violation. The crime, thus recognized by the statute, is not inappropriately

The State v. Schaunhurst.

termed incest. The act denominated, in common language, incest is also within the provisions of the statute. The point under consideration demands no further notice.

II. The counsel for defendant requested the court to instruct the jury, in effect, that to authorize conviction, 2. — evidence: they should find that the defendants were the marriage of ancestors. children of the same parents, who were lawfully married. The instruction was properly refused. The statute declares the act of a brother marrying a sister to be incest. Now the terms "brother" and "sister" mean offspring of the same parents. They do not imply legitimacy of birth. It would be quite proper to use these words in reference to those born out of wedlock. The statute then forbids, and declares criminal, the marriage of illegitimate offspring of the same parents. Proof, therefore, of the lawful marriage of defendants' parents was not necessary, and the jury were not required to find such fact in order to justify conviction of the defendants. *People* v. *Jenness*, 5 Mich. 305.

III. The court directed the jury that the proper register of marriages, kept by the clerk of the circuit court, the 3. — evidence alleged marriage having taken place in this of marriage. State, in the absence of all evidence to the contrary, was sufficient to authorize them to find that the marriage charged between the parties did take place. Counsel object to this instruction. It is unquestionably correct, being the substance of Revision, section 2528, which declares that such records shall be received, " in all courts and places, as evidence of the marriage and the date thereof."

IV. The court instructed the jury that the identity of the accused and the persons named in the marriage record 4. — identity. could be established by admissions, identity of names, and by the absence of evidence showing that other persons of the same name did the acts of which defendants stand charged. This instruction is also objected to and we

are of the opinion that it is likewise correct. We know of no other manner of identifying parties named in a record, than that pointed out in the instruction. Evidence of identity, of any other character, would amount to proof of the fact established by the record; certainly identity established in the manner indicated by the instruction is sufficient.

V. Counsel next complain that the court directed the jury to the effect that the relationship of the parties may be proved by their acts and declarations. The best answer to this objection is the instruction itself. It is in these words:

· " The relationship of brother and sister may be proved by the acts and declarations of defendant himself.

· " You should be careful in considering declarations and confessions, as they necessarily have to come to us second handed, but if they are established by many reliable witnesses, oft repeated, maintained for years without variation, surrounded and connected with acts which are convincing evidence of the truth of the declarations, they may then become the most convincing and satisfactory evidence.

" If, therefore, you find that the accused has raised up his children in the belief, and taught them to believe that the woman whom he married was his sister, that he has treated, designated and recognized the woman to her face as his sister, that he has introduced her into society, among his friends and relatives as his sister, has admitted since the marriage that she is his sister, then if you believe that his means of knowledge was such that he ought to know whether what he was stating was true or not, and that it would be unreasonable to believe otherwise, then you should find that his declarations were true, and find that they were actually brother and sister.

" If on the other hand you believe that there is any reasonable doubt about his declarations of the relation being

made, or about their being true, or any reasonable doubt as to the relationship, or as to his knowledge of it, you should solve the doubt in his favor and acquit. Or, if you have any reasonable doubt of the marriage of the accused and his sister, you will also solve this in his favor."

Certainly the rules here announced are correct. The admissions and declarations here referred to are not in the nature of confessions contemplated by Revision, section 4806, upon which alone a prisoner cannot be convicted. They are competent to establish defendants' guilt under *State* v. *Sanders*, 30 Iowa, 582. In our judgment the instruction is not only correct, but could not have been so understood by the jury as to work prejudice to defendants.

VI. The last point made by defendants' counsel is, that the evidence does not sustain the verdict of the jury. We

5. — relationship of the parties. think the evidence is of such a character that no other verdict could have been found by the jury without a direct and palpable disregard of the law and proof. One point made against the sufficiency of the evidence deserves more particular notice. In the certificate of the minister celebrating the marriage between the parties the first name of the man is misspelled. The name properly appears in other parts of the record, but the original certificate is as first stated. That the parties named in the license are the defendants is not disputed, neither is any evidence to be found in the record contradicting the presumptions raised by the record of the marriage of the parties. Under these circumstances the mere misspelling of the first name of one of the parties certainly ought not to destroy the record as evidence. But, in addition to the record, evidence was introduced of the positive and direct admissions of the parties to the fact of marriage. That defendants are guilty of the revolting crime charged against them, we have no doubt. The judgment of the district court is therefore

Affirmed.