## STATE v. WHIT. LAURENCE.

*Incest—Indictment—Parent and Child—Variance.*

1. Carnal intercourse with an illegitimate child is a felony.
2. Where the indictment charged the defendant with carnal intercourse with his "daughter," and the proof was that the person alleged to be the daughter was an illegitimate child of the defendant: *Held*, there was no variance.

(*State* v. *Keesler*, 78 N. C., 469, cited).

INDICTMENT for incest, tried before *Shepherd, Judge,* at Spring Term, 1886, of EDGECOMBE Superior Court.

The facts presented upon the appeal are fully stated in the opinion of the Court.

*Attorney-General,* for the State.
*Mr. John L. Bridgers,* for the defendant.

SMITH, C. J.   The defendant is charged with the offence specified in the act of February 14th, 1879, which, as brought forward in *The Code,* §1060, is in these words: "In all cases of carnal intercourse between grandparent and grandchild, parent and child, brother and sister, of the half or whole blood, the parties shall be guilty of felony, and punished for every such offence by imprisonment in the county jail or penitentiary for a term not exceeding five years, in the discretion of the Court."

The indictment alleges that the defendant "wilfully, unlawfully and feloniously did have carnal intercourse with one Hasty Laurence, the daughter of him, said Whit. Laurence, and commit the crime of incest with his daughter, the said Laurence, contrary," &c.

Upon the trial of the plea of not guilty before the jury, evidence was introduced to show that sexual intercourse had

taken place between the parties, and that the woman on whose body the offence was committed, was the natural and not legitimate daughter of the defendant, who, however, intermarried with her mother some six months after the daughter's birth, and that the latter was recognized by defendant as his daughter.

The defendant's counsel requested the Court to instruct the jury that the evidence did not sustain the allegations in the indictment, and the variance being essential, they must acquit. This was refused, and a verdict being rendered against the defendant and judgment pronounced thereon, he appealed to this Court.

The contention is that the statute does not extend to illegitimate offspring, and if it did, the indictment must be construed as charging the forbidden intercourse between persons who sustain a lawful relation to each other. The act in question was passed soon after, and we suppose in consequence of, the ruling in *State* v. *Keesler*, 78 N. C., 469; that incest was not a crime at common law, and its operation must have been intended to be coextensive with the evil to be suppressed, sexual intercourse between those of the relation specified. Its object is to preserve the purity of the domestic circle, and prevent alike the physical and moral consequences of the abhorrent and unnatural act inhibited.

It is obvious that the legitimacy of birth in one of the offending parties is not, and ought not to be, an essential ingredient in the crime. The act prohibits the intercourse between those who are *in fact*, with or without marriage, related in those degrees by consanguinity; and this relationship being proved, the penalty attaches.

In *Baker* v. *State*, 30 Ala., 321; where the statute in this feature is not unlike our own, it is held to apply equally to persons not born or begotten in wedlock, and this ruling has been approved by an eminent text writer, Bishop Stat. Crim., §729; Code of Ala., 1852, §3284. The later Code of 1877,

§2671, in express terms, following the adjudication, extends the prohibition to illegitimates.

As thus construed, it was unnecessary to aver the status of the woman, as born in or out of wedlock, since the statute applies to both, and the indictment, in pursuing the words used in it, is sufficient.

There is no error, and this will be certified to the end that the Court below proceed to judgment.

No error. Affirmed.