STATE OF MINNESOTA *vs.* WILLIAM HERGES.

Submitted on briefs Dec. 8, 1893.    Affirmed Dec. 11, 1893.

No. 8611.

Statutes against incest.

> The crime of incest was punishable under Penal Code, § 259, prior to the passage of Laws 1893, ch. 90.

On the trial of William Herges in the District Court of Stearns County, *D. B. Searle*, J., he was convicted June 6, 1893, of the crime of incest committed March 22, 1892.    Questions of law arose, which in the opinion of the Judge were so important and doubtful as to require the decision of this Court.    The defendant consenting, the Judge reported the case so far as was necessary to present the questions and certified the report to this Court.    Defendant claimed that at the time the alleged offence was committed, incest was not a crime in this State and that by Laws 1893, ch. 90, the prior statute was repealed without saving prior offences.    These claims were over-ruled and at his request the questions were reported and certified.

*Bruckart & Brower,* for the accused.

Incest was always a punishable offence by the ecclesiastical laws, but was not indictable as an ordinary crime either in England or in this country until made so by statute.    1 Bish. Mar. & Div. § 735; Bishop, Stat. Crimes, § 727, 728; *State* v. *Keesler,* 78 N. C. 469; 10 Am. & Eng. Ency. 335.

Laws 1893, ch. 90, repealed all the statutes in regard to incest existing at the time of its enactment.    This indictment was found subsequent to the taking effect of this act, but the offence is alleged to have been committed long prior thereto.    To convict and punish the defendant under this indictment, it is necessary to apply the provisions of the new *ex post facto* law.

*H. W. Childs,* Atty. Genl., *Geo. B. Edgerton,* his assistant, and *John D. Sullivan,* County Atty., for the State.

Incest was a crime under the Penal Code, § 259.    The repeal did not affect any penalty incurred under the prior statute, 1878 G. S. ch. 4, § 3.

COLLINS, J. The defendant was indicted for the crime of incest, alleged to have been committed prior to the passage of Laws 1893, ch. 90, and after trial and conviction a report of the case was certified up for our decision, under the provisions of 1878 G. S. ch. 117, § 11. The claim is made in defendant's behalf that under the laws of this state as they existed at the time specified in the indictment incest was not a crime.

Prior to the amendment of 1893, section 259 of the Penal Code read as follows: "Incest. When persons within the degrees of consanguinity within which marriages are declared by law incestuous and void, intermarry or commit adultery or fornication with each other, each of them is punishable by imprisonment in the state prison for not more than ten years." It is contended by defendant's counsel that, as the only statutes which bear upon the subject—one prohibiting the contract of marriage between parties who are nearer of kin than first cousins, computing by the rules of the civil law, whether the half or the whole blood, (1878 G. S. ch. 61, § 3;) the other pronouncing such marriages void, (1878 G. S. ch. 62, § 1)— fail to declare them incestuous, the offense cannot be committed; it being purely statutory. Incest is defined as the carnal copulation of a man and woman related to each other in any of the degrees within which marriage is prohibited by law. A marriage between persons within the specified degrees of consanguinity must necessarily be incestuous under the law, and no use of that precise word or statutory declaration to that effect was needed.

The defendant is liable to the punishment prescribed in Penal Code, § 259, and the case is remanded for further proceedings.

(Opinion published 57 N. W. Rep. 205.)