ISAAC BROWN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Motions in arrest of judgment and rulings thereon are parts of the record proper, and an appellate court will not review a ruling upon such motion when the motion and ruling are evidenced to it only by bill of exceptions.
2.  Where an indictment wholly fails to state a criminal charge against a defendant; he may take advantage of such fatal defect primarily in an appellate court.
3.  An indictment alleging that in a certain county and on a certain day I. B. and O. G., "being and knowing themselves to be per-

sons forbidden to intermarry by reason that the said I. B. was the father of the said O. G., did then and there unlawfully, feloniously and incestuously have carnal knowledge each of the body of the other, contrary," etc., charges an offence under Section 2601, Rev. Stats.

4. Under the general exception to the court's refusal to give several instructions asserting distinct propositions of law, an appellate court will examine no further than to ascertain that one of such instructions was properly refused.

5. An accomplice is a competent witness, and a conviction may be had upon his uncorroborated testimony if it satisfies the jury of the defendant's guilt beyond a reasonable doubt; and these rules apply to prosecutions under Section 2601, Rev. Stats., as well as to other prosecutions for criminal offences.

6 The crime denounced by Section 2601, Rev. Stats., can be committed by a father with his illegitimate daughter, and the admissions of one charged with the offence prescribed by this section are competent evidence of the relationship alleged to exist between him and the person with whom the offence is alleged to have been committed, and such admissions, if believed to be true by the jury, are sufficient evidence of relationship to sustain a finding as to that fact.

7. Evidence examined and found sufficient to support the verdict.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the Court.

*H. K. Olliphant,* for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

CARTER, J.:

In the Circuit Court of Polk county, on October 12, 1899, an indictment was found, charging that plaintiff in error and Osceola Gaffney, *nee* Brown, in said county on September 1st, 1898, "being and knowing themselves to be persons forbidden to intermarry, by

reason that the said Isaac Brown was the father of the said Osceola Gaffney, *nee* Brown, did then and there unlawfully, feloniously and incestuously have carnal knowledge, each of the body of the other, contrary," etc. On October 13, 1899, upon motion of the State a severance was granted, and upon being arraigned plaintiff in error pleaded not guilty. Upon the trial which followed he was found guilty, and from the sentence imposed upon him sued out this writ of error.

1. The first error assigned is that the court "erred in not sustaining the defendant's motion to quash the indictment." The record proper fails to show that any such motion was made, consequently there is nothing before us upon which to base this assignment. The bill of exceptions states that a motion to quash was made and over-ruled, but the record proper fails to show any such motion or ruling. A motion of this character and the ruling thereon are parts of the record proper and we can not recognize them when evidenced to us only in the bill of exceptions. Raines v. State, decided at this term; Barnes v. Scott, 29 Fla. 285, 11 South. Rep. 48; Lovett v. State, 29 Fla. 356, 11 South. Rep. 172; Merchants Nat. Bank v. Grunthal, 38 Fla. 93, 20 South. Rep. 809. We are, however, of opinion that if an indictment wholly fails to state a criminal charge against the defendant, he may take advantage of that fatal defect primarily in the appellate court, and as plaintiff in error has argued that the indictment is fatally defective we shall proceed to consider the objection presented, with a view of ascertaining whether the indictment wholly fails to state a case against him.

The only objection to the indictment insisted upon in argument here is that its allegations do not follow the language of the statute, by charging that defendants in-

termarried or committed adultery or fornication with each other. The statute (section 2601 Revised Statutes) reads: "Persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous and void, who intermarry or commit adultery or fornication with each other, shall be punished by imprisonment in the State prison not exceeding twenty years, or in the county jail not exceeding one year." The next section (2602) provides that "a man may not marry any woman to whom he is related by lineal consanguinity, nor his sister, nor his aunt, nor his niece. A woman may not marry any man to whom she is related by lineal consanguinity, nor her brother, nor her uncle, nor her nephew." The pleader in this instance has followed the form of indictment found in section 564 Bishop's Directions & Forms, and while it does not pursue the exact language of our statute, we think it charges an offence thereunder. It does not of course pretend to charge that the parties committed the crime by intermarrying, but it does charge that that they were parent and child, and that they unlawfully, feloniously and incestuously did have carnal knowledge each of the body of the other. From the allegation that the parties were parent and child it affirmatively appears that they could not lawfully be husband and wife, consequently voluntary sexual intercourse between them is necessarily either adultery or fornication, either of which is sufficient to constitute the offence denounced by the statute. The statute, in substance, makes it a crime for persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous and void, to intermarry, or to have voluntary sexual intercourse with each other, whether such intercourse amounts in law to

adultery or fornication, and as thus interpreted the indictment charges an offence under the statute. We think the allegation that the defendants "did unlawfully, feloniously and incestuously have carnal knowledge, each of the body of the other," fully equivalent to an allegation that they did have voluntary sexual intercourse with each other. The allegations of this indictment cover every material fact necessary to be proved, the defendant could not have been misled or embarrassed in the preparation of his defence, and he can not be exposed after his conviction or acquittal thereon to substantial danger of a new prosecution for the same offence. Section 2893 Rev. Stats.; People v. Cease, 80 Mich. 576, 45 N. W. Rep. 585; Commonwealth v. Goodhue, 2 Met. (Mass.) 193. See State v. Herges, 55 Minn. 464, 57 N. W. Rep. 205; State v. Dana, 59 Vt. 614, 10 Atl. Rep. 727.

II. The defendant took a general exception to the court's refusal to give three instructions requested by him. These instructions assert separate and distinct propositions of law and as the exception was general we examine no further than to ascertain that one of such instructions was properly refused. Oliver v. State, 38 Fla. 46, 20 South. Rep. 803; Bradham v. State, 41 Fla. ——, 26 South. Rep. 730. One of them reads as follows: "If you believe from the evidence that Osceola Gaffney, being an accomplice to the charge against the defendant, and that the only evidence showing the *corpus delicti*, that is, the sexual intercourse between Brown and Osceola Gaffney, was committed, is her evidence only, then you should acquit the defendant Brown, as an accomplice is an incompetent witness to establish the *corpus delicti* of the offence." This instruction was clearly erroneous, and therefore properly refused for the rea-

son that in this State an accomplice is a competent witness, and a conviction may be had upon his uncorroborated testimony if it satisfies the jury beyond a reasonable doubt.    Bacon v. State, 22 Fla. 51; Tuberson v. State, 26 Fla. 472, 7 South. Rep. 858.    And   the rule stated applies to cases of this character, as well as others. People v. Jenness, 5 Mich. 305; State v. Dana, 59 Vt. 614, 10 Atl. Rep. 727.    The case of State v. Jarvis, 20 Oregon, 437, 26 Pac. Rep. 302, S. C. 23 Am. St. Rep. 141, cited by counsel as holding a different rule, is based upon a statute (State v. Jarvis, 18 Oregon, 360, 23 Pac. Rep. 251), but we have no such statute in this State.

III.  The plaintiff in error took an exception to the following instruction given by the court:  "If the defendant Isaac Brown has been proven to have admitted that Osceola Gaffney was his daughter, such admission is competent evidence for the jury to consider upon the question of the relationship of the defendant to Osceola Brown, and is sufficient to establish the fact she was his daughter if it satisfies the jury of that fact beyond a reasonable doubt."   In connection therewith the court also instructed the jury that if they were not satisfied beyond a reasonable  doubt  that Osceola Gaffney was either the legitimate  or illegitimate daughter  of the plaintiff in error, they should acquit him; and also gave the following instructions requested by the defendant, viz:   1. If from the evidence you believe that the defendant Brown and  the defendant Osceola Gaffney's mother were never married to each other and that the defendant Brown is not the father of Osceola Gaffney, then the court instructs you that any sexual intercourse between the defendants Brown and Gaffney would not be incest, and you should acquit the defendant.

2. If from the evidence you believe that the de-

fendant Brown is not the father of Osceola Gaffney, but was the husband of her mother, and that her mother was dead before any sexual intercourse, if any, occurred between the defendants Brown and Osceola Gaffney, then the defendant Brown would not be guilty of incest, and you should acquit him.

6. If you have any reasonable doubt from the evidence that Isaac Brown is the father of Osceola Gaffney, then you should give him the benefit of the doubt and acquit him.

7. If you have any reasonable doubt from the evidence of the guilt of the defendant Brown, according to the instructions given you by one and two of these instructions, then you should acquit the defendant.

It is contended that the instruction excepted to is erroneous under the principles governing the decision in Green v. State, 21 Fla. 403, S. C. 58 Am. Rep. 670. The indictment in that case was for polygamy and the judgment of conviction was reversed because the only evidence of the first marriage was that proving cohabitation and repute. If we admit that the principles controlling the decision in that case are applicable to proof of marriages on indictments like the one before us, they would not apply to the instruction complained of here, because this instruction does not relate to evidence of a marriage, but to evidence of the relationship between the parties charged with crime. Perhaps if it had been necessary to prove that Osceola Gaffney was the legitimate daughter of the plaintiff in error, the instruction would have been erroneous because, to prove legitimacy, it might be necessary to prove a valid marriage— in which case according to the decision in State v. Roswell, 6 Conn. 446, the principles of the Green case would be applicable. But the crime denounced by our

statute can be committed by a father with his illegiti-
mate daughter, and it was therefore not necessary to
prove a valid marriage between plaintiff in error and the
mother of Osceola. Bishop Stat. Cr. §727; Baker v.
State, 30 Ala. 521; People v. Jenness, 5 Mich. 305;
State v. Schaunhurst, 34 Iowa, 547; State v. Lawrence,
95 N. C. 659. Evidence of the character mentioned in
the instruction is not only admissible but it is sufficient
for the jury to found their verdict upon, if believed by
them to be true. There was no error in giving this in-
struction in connection with the other instructions men-
tioned. People v. Harriden, 1 Park. Cr. Rep. 344;
Ewell v. State, 14 Tenn. 363 (6 Yerg.), S. C. 27 Am.
Dec. 480; State v. Bullinger, 54 Mo. 142; Cook v. State,
11 Ga. 53; State v. Schaunhurst, 34 Iowa, 547; People
v. Jenness, 5 Mich. 305; Bergen v. People, 17 Ill. 426,
S. C. 65 Am. Dec. 672; 2 Whart. Cr. Law, §1753; Bish-
op Stat. Cr. §735.

IV. We have carefully examined the evidence, and
find nothing which justifies us in reversing the ruling
of the trial court denying the motion for a new trial.
Osceola Gaffney, the person with whom the crime was
alleged to have been committed, testified clearly and
positively to the facts necessary to sustain the charge,
and that defendant was the father of a child born to her
in the early part of 1899, about two months after her
marriage to Perry Gaffney. The defendant denied ever
having had sexual intercourse with Osceola Gaffney,
and also denied that she was his daughter, though he
admitted that he had raised her in that belief and treat-
ed her as such from the time she was two or three years
of age, which he claimed was the first time he ever saw
her mother. Without giving all the evidence in detail,

we think it was sufficient to sustain the verdict. People v. Kaiser, 119 Cal. 456, 51 Pac. Rep. 702.

The judgment of the Circuit Court is affirmed.