### STATE v. HANNIBAL WOOD.

(Filed 21 May, 1952.)

**1. Incest § 1—**

A father is guilty of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter in fact, regardless of whether she is his legitimate or his illegitimate child.

**2. Incest § 2—**

It is not required that the testimony of the daughter be corroborated in a prosecution for incest, and her testimony alone will take the case to the jury if it establishes each element of the offense and defendant's guilt thereof.

**3. Criminal Law § 52a (2)—**

Testimony that prosecutrix had made contradictory exculpatory statements out of court is insufficient ground for nonsuit, even in a prosecution based solely upon her testimony, since whether a witness has been successfully impeached is a matter for the jury alone, and the court, in passing upon the motion, must consider only the evidence favorable to the State and assume it to be true.

**4. Criminal Law § 53b—**

An instruction that a reasonable doubt may arise out of the evidence or the insufficiency of the evidence in the case is without error.

APPEAL by defendant from *Bone, J.,* and a jury, at January Term, 1952, of CUMBERLAND.

Criminal prosecution of a father for incest with his daughter.

The State made out this case by the testimony of the prosecutrix:

The prosecutrix is the daughter of the defendant by his marriage to her mother, who died before the day named in the indictment. On that day the defendant compelled the prosecutrix, who was then a fifteen year old inmate of his home, to engage in sexual intercourse with him. Shortly

thereafter the prosecutrix related the sordid details of the affair to her maternal grandmother and a deputy sheriff.

The prosecutrix admitted on cross-examination that while the case was awaiting trial she made both oral and written statements out of court to witnesses for the defense indicating that she had falsely charged the accused with incest because she "thought it would break him from drinking."

The jury found the defendant guilty of the crime alleged, and the court sentenced him to imprisonment in the State prison. The defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*J. H. Cook and H. H. Clark for the defendant, appellant.*

ERVIN, J. The defendant makes these assertions by his assignments of error:

1. That the court erred in refusing to dismiss the prosecution upon a compulsory nonsuit. G.S. 15-173.

2. That the court erred in instructing the jury that a reasonable doubt may arise "out of the evidence or the insufficiency of the evidence in the case."

A father violates G.S. 14-178 and by reason thereof is guilty of the statutory felony of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter in fact, regardless of whether she is his legitimate or his illegitimate child. *S. v. Sauls,* 190 N.C. 810, 130 S.E. 848; *Strider v. Lewey,* 176 N.C. 448, 97 S.E. 398; *S. v. Laurence,* 95 N.C. 659; *Baumer v. State,* 49 Ind. 544, 19 Am. Rep. 691; *State v. Alexander,* 216 La. 932, 45 So. 2d 83; *State v. Ellis,* 74 Mo. 385, 41 Am. Rep. 321.

There is no statute providing that the testimony of the prosecutrix must be corroborated by the evidence of others in a prosecution for incest. In consequence, a conviction for incest may be had against a father upon the uncorroborated testimony of the daughter if such testimony suffices to establish all of the elements of the offense beyond a reasonable doubt. 42 C.J.S., Incest, section 17. This being true, the court rightly adjudged that the evidence of the State in the case at bar made the defendant's guilt a question for the jury.

In reaching this conclusion, we have not ignored the interesting contention of the defendant that the contradictory statements made by the prosecutrix out of court proved her to be wholly unworthy of belief and completely nullified the probative force of her sworn testimony at the trial, and that for this reason, if no other, the prosecution ought to have

been involuntarily nonsuited. This contention runs counter to the well established rule that whether a witness has been successfully impeached by evidence showing that he made prior contradictory statements out of court is a matter for the jury alone. What was said in *S. v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107, is germane here. "This argument misconceives the office of the statutory motion for a judgment of nonsuit in a criminal action. In ruling on such motion, the court does not pass upon the credibility of the witnesses for the prosecution, or take into account any evidence contradicting them offered by the defense. The court merely considers the testimony favorable to the State, assumes it to be true, and determines its legal sufficiency to sustain the allegations of the indictment. Whether the testimony is true or false, and what it proves if it be true are matters for the jury."

The court did not err in charging that a reasonable doubt may arise "out of the evidence or the insufficiency of the evidence in the case." This instruction is in substantial accord with the accepted rule that "it is proper to charge . . . that a reasonable doubt may arise either from the evidence or from a want of evidence, and that the absence of sufficient satisfying evidence may be a ground for a reasonable doubt of guilt." 23 C.J.S., Criminal Law, section 1283. See, also, in this connection: *S. v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895.

According to the verdict of the jury, the defendant has sinned grievously against his motherless child. This tragic case calls to mind the execration of the Man of Galilee. "It were better for him that a millstone were hanged about his neck, and he were cast into the sea, than that he should offend one of these little ones." Luke 17:2.

No error.