State v. Pollock

No. 807SC600

(Filed 16 December 1980)

1. Criminal Law § 101.1— statement by rejected juror — accepted juror not prejudiced — denial of mistrial proper

The trial court did not err in failing to declare a mistrial during the jury selection process because of a statement made during a recess by a rejected juror in the presence of jurors who had been accepted, since only one juror heard the statement; defendant and his counsel stated that they did not want the juror removed; the court inquired of the remaining eleven jurors if any of them heard the statement and they indicated that none of them heard it; the court carefully examined the juror who heard the statement as to whether it would in any way influence his verdict in the case; and the court offered defendant's counsel an opportunity to examine the jury further with respect to the statement, but counsel stated they were content with the original twelve jurors.

2. Criminal Law § 89.3— corroborating testimony admissible

The trial court in an incest prosecution did not err in permitting repeated testimony by other witnesses of statements allegedly made to them by the prosecuting witness regarding defendant's acts toward her.

**3. Incest § 1; Criminal Law § 117.2— victim of incest — instruction to view testimony with caution not required**

The trial court in an incest prosecution was not required to instruct the jury that they should "view the testimony of the prosecuting witness with caution because one can never be sure what part psychological factors play in the testimony of a child against their parent."

APPEAL by defendant from *Peel, Judge.* Judgment entered 29 January 1980 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 5 November 1980.

Defendant was tried upon an indictment charging him with incest, convicted by jury, and sentenced to imprisonment. From this judgment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Philips, Bourne, Harper & Keel, by Jimmie R. Keel, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant first contends the trial court should have declared a mistrial during the selection of the jury. After twelve jurors had been selected, the court was in the process of choosing a thirteenth or alternate juror. During a recess of the court, one of the twelve selected jurors and several other persons were in a room where soft drink machines evidently were located. A juror who had been rejected made the statement: "Well, if he would do that to his own daughter he would do it to somebody else's daughter." Juror No. 12, Andrew Harrell, was the only one of the twelve selected jurors who heard the statement.

Judge Peel inquired whether defendant or his counsel wanted juror Harrell removed from the case, and counsel, after conferring with defendant, stated that they did not want juror Harrell removed. The court offered to excuse the juror on its own motion if counsel for defendant so desired. Again, defendant's counsel stated they accepted juror Harrell. The court also inquired of the remaining eleven jurors if any of them heard the statement and they indicated that none of them heard it. It is not required that the court question each juror individually under these circumstances. *State v. McGuire,* 297 N.C. 69, 254 S.E.2d 165, *cert. denied,* 444 U.S. 943 (1979). The court carefully examined juror Harrell as to whether the statement would in any way

influence his verdict in the case, and he positively stated that it would not. The court offered defendant's counsel an opportunity to examine the jury further with respect to the statement, but counsel stated they were content with the original twelve jurors. The court entered an order finding facts and denying defendant's motion for a mistrial. Defendant did not object or except to any of the court's findings of fact.

When the court became aware of the statement made in the presence of the juror, it had the duty to determine whether substantial or irreparable prejudice to defendant resulted. *See* N.C. Gen. Stat. 15A-1061. The uncontradicted evidence shows that the remark did not prejudice or affect in any way juror Harrell. He was the only one of the twelve selected jurors who heard the remark. There are no exceptions to the court's findings of fact. They are deemed to be supported (and are in fact supported) by substantial competent evidence and are conclusive upon appeal. *State v. Jenkins,* 292 N.C. 179, 232 S.E.2d 648 (1977); *Schloss v. Jamison,* 258 N.C. 271, 128 S.E.2d 590 (1962); *Ply-Marts, Inc. v. Phileman,* 40 N.C. App. 767, 253 S.E.2d 494 (1979). The record does not disclose any abuse of discretion by Judge Peel in denying defendant's motion. To the contrary, he made every effort to ensure the integrity of defendant's trial and gave him every opportunity to satisfy himself as to the jury. The assignment of error is overruled.

[2] Defendant argues the court erred in allowing witnesses to corroborate the prosecuting witness's testimony "beyond a reasonable measure." Defendant objects to repeated testimony by other witnesses of statements made to them by the prosecuting witness regarding defendant's acts toward her. The trial judge has wide discretion in allowing corroborative testimony. *Gibson v. Whitton,* 239 N.C. 11, 79 S.E.2d 196 (1953); 1 Stansbury's N.C. Evidence §§ 51-52 (Brandis rev. 1973). No abuse of discretion appears in the record. This case depended in a large measure upon the credibility of the seventeen-year-old prosecuting witness. The court properly instructed the jury concerning their consideration of the corroborative evidence. We find no error in allowing the corroborative evidence.

[3] Defendant's counsel requested the following instruction:

I direct you, ladies and gentlemen of the jury to view the testimony of the prosecuting witness, Brenda Pollock, with caution because one can never be sure what part psychological factors play in the testimony of a child against their

parent.

Defendant concedes that the testimony of a prosecutrix in an incest case need not be corroborated. *State v. Wood,* 235 N.C. 636, 70 S.E.2d 665 (1952). Nevertheless, defendant urges that the jury should have been cautioned that the testimony of an adolescent daughter against her father is inherently suspect. Defendant relies upon a statement in 41 Am. Jur. 2d Incest § 13, 520 (1968), which cites as authority *People v. Covert,* 249 Cal. App. 2d 81, 57 Cal. Rptr. 220 (1967).[1] The issue of the necessity of a cautionary instruction was not before the court in *Covert,* but the portion of that court's opinion on which the present defendant relies cited as authority *People v. Nye,* 38 Cal. 2d 34, 237 P.2d 1 (1951). The pertinent portion of *Nye,* in turn, was overruled in *People v. Rincon-Pineda,* 14 Cal. 3d 864, 538 P.2d 247, 92 A.L.R.3d 845 (1975). That court held: "Since it does not in fact appear that the accused perpetrators of sex offenses . . . are subject to capricious conviction by inflamed tribunals of justice, we conclude that the requirement of a cautionary instruction in all such cases is a rule without a reason." *Id.* at 882, 538 P.2d at 259.

We have been unable to find any North Carolina cases mandating an instruction such as that requested by defendant. In *State v. Hardee,* 6 N.C. App. 147, 169 S.E.2d 533 (1969), an incest prosecution, this Court held that it is permissible to instruct on the credibility of witnesses, but that failure to do so is not the proper subject of exception. In another incest case, *State v. Sauls,* 190 N.C. 810, 130 S.E. 848 (1925), the jury was instructed to scrutinize the testimony of the defendant and his close relatives before accepting their testimony as true. The defendant excepted to the instruction because it was not extended and applied to all interested witnesses. The Court overruled the exception because such an instruction is a subordinate, not a substantive, feature of the trial. Although in both *Hardee* and *Sauls* there was no request for a cautionary instruction, as there was in the present case, we cannot conclude that failure to submit the instruction was prejudicial error. Judge Peel did instruct the jury that it could consider the interest of a witness in determining whether to believe that witness. We do not find defendant's authority persuasive and find no error in the refusal by the court to so instruct the jury.

---

[1] *People v. Thomas,* 20 Cal. 3d 457, 573 P.2d 433 (1978), overruled the relevant portion of *Covert. Thomas* held that evidence for corroborative purposes of prior sex offenses by a defendant, which involved victims other than the prosecuting witness, would no longer be allowed without regard to remoteness or similarity of the offense.

Last, defendant urges that the court should have allowed his motions for dismissal at the close of all the evidence and to set aside the verdict as being against the weight of the evidence. Without reciting the sordid facts of this case, we nevertheless find there was substantial competent evidence to require the case be submitted to the twelve and to support the verdict. On behalf of defendant, the jurors were polled and reaffirmed their verdict. We also find the evidence when considered on these motions complies with the standards of *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, *rehearing denied,* 62 L. Ed. 2d 126 (1979).

The statement of Justice Ervin in *State v. Wood, supra* at 638, 70 S.E.2d at 667, is also fitting in this case:

> According to the verdict of the jury, the defendant has sinned grievously against his . . . child. This tragic case calls to mind the execration of the Man of Galilee. "It were better for him that a millstone were hanged about his neck, and he were [*sic*] cast into the sea, than that he should offend one of these little ones." Luke 17:2

No error.

Chief Judge MORRIS and Judge WEBB concur.