STATE OF NORTH CAROLINA v. ISAAC WELCH, JR.

No. 8324SC1027

(Filed 17 July 1984)

**1. Rape § 3— indictment—with force and arms—averment not required**

There was no merit to defendant's contention that the indictment did not correctly charge him with either first or second-degree rape because the essential averment "with force and arms" did not appear on its face, since G.S. 15-144.1(a) does not require such an averment.

**2. Criminal Law § 117— corroborative testimony—instructions proper**

The trial court in a rape prosecution did not err in denying defendant's motion to limit the number of witnesses who corroborated the prosecuting witness's testimony, and the court's instructions regarding corroborative testimony were not prejudicial, particularly in light of the fact that defense counsel made no request for a limiting instruction with regard to prior consistent statements.

**3. Criminal Law § 42.5— articles found at crime scene—connection with defendant—admissibility**

The trial court in a rape prosecution did not err in admitting into evidence items found near the scene of the crime where the items were found near the tread of a tire similar to defendant's; the sheriff testified that the prosecuting witness told him she recognized two of the items as being present at the time of the crime; and other witnesses testified that they recognized one item, a cap, as belonging to defendant.

**4. Kidnapping § 1.2; Rape § 5— kidnapping and rape—separate offenses**

The evidence clearly showed restraint separate and independent from an alleged rape, and the trial court therefore properly denied defendant's motion to dismiss the kidnapping charge where the evidence tended to show that the prosecuting witness requested to return to her dormitory; defendant instead took her to a dirt road without her consent and stopped the car; defendant restrained the prosecuting witness by placing a chloroform soaked rag over her face; and defendant then had vaginal intercourse with her.

APPEAL by defendant from *Friday, Judge.* Judgments entered 2 April 1983 in Superior Court, MADISON County. Heard in the Court of Appeals 8 May 1984.

Defendant was indicted on charges of kidnapping and rape. Evidence for the State tends to show that on 2 September 1982 the 19-year-old prosecuting witness was a student at Mars Hill College. She received a telephone call at her dormitory around 1:00 a.m. The call was from her brother, George, who was on leave from the United States Army and was visiting defendant.

Defendant and his wife, neighbors of the prosecuting witness's family in Mars Hill, then talked with her and told her to come over. Defendant's wife picked the prosecuting witness up at her dormitory, and the prosecuting witness then visited with her brother for approximately an hour. She could tell that the two men had been drinking.

Around 2:00 a.m. defendant agreed to drive the prosecuting witness back to her dormitory. He did not take the usual route back and suddenly stopped his automobile on a dirt road referred to as Hill Number Two. He placed a strange smelling rag over the prosecuting witness's face, and she temporarily lost consciousness. When she came to, defendant was having vaginal intercourse with her. The prosecuting witness lost consciousness again and was next aware that defendant had driven her back to the dormitory. Defendant asked her if she hated him and then proceeded to hand her a knife from the glove compartment. The prosecuting witness ran into the dormitory.

Several hours later the prosecuting witness was taken to the hospital and released. The examining physician could not determine whether she had had intercourse. About five weeks later, she was treated for a rash on her face. Her physician testified that the rash was consistent with the contact application of chloroform.

Defendant presented evidence that after the prosecuting witness visited in his home during the early morning hours of 2 September 1982, he offered to drive her back to the dormitory. Because he had been drinking and did not want to be stopped by the police, the defendant took a circuitous route. He drove to Hill Number Two and stopped his car. He then told the prosecuting witness that she was developing a bad reputation, and that it was common knowledge she was becoming a slut. The prosecuting witness became upset and ran from the car. Defendant apologized, coaxed her back to the car and returned her to the dormitory. Defendant denied sexually assaulting the prosecuting witness. Numerous witnesses then testified to defendant's good reputation.

At the close of the evidence defendant was found guilty of attempted second degree rape and second degree kidnapping. He

was sentenced to 3 years for the rape and 9 years for kidnapping, to be served consecutively.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Gudger, Reynolds, Ganly & Stewart, by Lamar Gudger, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first assigns error to the trial court's denial of his motion to quash the bill of indictment charging him with rape. Defendant argues that the indictment does not correctly charge him with either first or second degree rape, because the essential averment "with force and arms" does not appear on its face as required by G.S. 15-144.1.

Our Supreme Court was confronted with this issue in *State v. Corbett and State v. Rhone,* 307 N.C. 169, 297 S.E. 2d 553 (1982). The Court concluded:

We do not read the statute as either *requiring* the averment or as expressing a legislative intent that the language in G.S. § 15-144.1(a) prevail over the express language in G.S. § 15-155 which states in effect that no judgment shall be stayed or reversed because of the omission of the words "with force and arms" from the indictment.

*Id.* at 175, 297 S.E. 2d at 558. Based on this decision, the indictment before us comports with the requirements of G.S. 15-144.1(a).

[2] Defendant next assigns error to the trial court's denial of his motion to limit the number of witnesses who corroborated the prosecuting witness's testimony. He also questions the propriety of the court's instructions regarding corroborative testimony. We find no merit to either argument. First, the trial judge did not abuse his discretionary power in allowing the corroborative testimony. *See State v. Pollock,* 50 N.C. App. 169, 273 S.E. 2d 501 (1980). Second, the instructions given were not prejudicial, since defense counsel made no request for a limiting instruction with regard to prior consistent statements. *See State v. Detter,* 298 N.C. 604, 260 S.E. 2d 567 (1979). We also note that the jury charge

is not in the record on appeal. "It is therefore presumed that the jury was properly instructed as to the law arising upon the evidence as required by G.S. 1-180 (now G.S. 15A-1222)." *State v. Hedrick*, 289 N.C. 232, 234, 221 S.E. 2d 350, 352 (1976).

[3] During the trial the State presented into evidence, over defendant's objections, a black cap, a plastic cup holder, a bottle of Vaseline and a cigarette lighter. The Sheriff of Madison County testified that these items were found in the vicinity of Hill Number Two very near the tread of a tire similar to defendant's. On recross-examination the Sheriff testified that the prosecuting witness told him she recognized the cap and that she remembered a plastic container in the car. Other witnesses also testified that they recognized the cap as belonging to defendant. Under these circumstances, we find no merit to defendant's argument that the items were erroneously introduced. "The well established rule in a criminal case is that every object that is calculated to throw light on the supposed crime is relevant and admissible. (Citations omitted.)" *Id.* at 235, 221 S.E. 2d at 352.

Defendant argues that the trial court erred in commenting on the testimony of two defense witnesses and thereby prejudiced him. We agree with the State that the court's comments were merely directed "to keep the testimony within bounds and to eliminate time consuming collateral matters and inadmissible hearsay." We find no prejudicial error.

[4] Defendant assigns error to the trial court's denial of his motion to dismiss the kidnapping charge on grounds that the alleged kidnapping was incidental to the alleged rape. The State's evidence disputes this argument. The prosecuting witness requested to return to her dormitory; but defendant first took her to a dirt road without her consent, stopped the car and restrained the prosecuting witness by placing a chloroform soaked rag over her face. He then had vaginal intercourse with her. This evidence clearly shows restraint which is separate and independent from the alleged rape.

Defendant's allegation that the trial court erred in failing to make findings in mitigation when sentencing him is disputed by G.S. 15A-1340.4(b). Since defendant was given the presumptive sentence for each offense, the trial court was not required to

make findings in mitigation and aggravation pursuant to the foregoing statute.

We do not find it necessary to consider defendant's remaining assignments of error. They were either abandoned intentionally, or defendant failed to cite any supporting authority or properly preserve the exceptions in the record pursuant to App. RR. 28 and 10.

Defendant received a fair trial free of prejudicial error.

No error.

Judges HEDRICK and PHILLIPS concur.