STEPHEN C. RUGLAND *vs.* THORE THOMPSON *et al.*

Submitted on briefs Nov. 23, 1893.   Reversed Dec. 11, 1893.

No. 8566.

**Verdict not supported by the evidence.**

> *Held*, upon the evidence in this case, that the court below erred when refusing to grant plaintiff's motion for a new trial.

Appeal by plaintiff, Stephen C. Rugland, from an order of the District Court of Grant County, *Calvin L. Brown*, J., made September 22, 1893, denying his motion for a new trial.

*Charles C. Houpt*, for appellant.

*Reynolds & Townsend*, for respondent.

COLLINS, J.   One of the defendants, Thore Thompson, had purchased, upon time, two tracts of school land, of forty acres each, and there had been issued to him, by the State Land Commissioner, certificates therefor.   These had been assigned to one Fuglie as security for money borrowed by Thompson.   The latter then applied to plaintiff for a loan of money sufficient to pay Fuglie, and to pay interest on the certificates and back taxes, offering the security held by Fuglie.   Thompson estimated the amount needed for these purposes at $150, but requested plaintiff to ascertain from the county treasurer the exact sum due as interest and as back taxes.   March 14, 1888, plaintiff notified Thompson that the total sum necessary was $168.80, and took his note for that amount.   At Thompson's request, he paid Fuglie $126.80, and, as agreed upon, received an assignment of the certificates as security for the payment of the note. Taxes due in 1886 and 1887, and one year's interest,—in all, $21.62, —were paid March 14th by plaintiff to the county treasurer, and on May 24th he paid taxes due in 1888, and one year's interest due the state on the school land certificates, amounting to $24.01,—in all, the sum of $45.63,—which, added to the amount paid Fuglie, made a total of $172.43, or $3.63 more than the amount of the note. Evidently, there was an error in computing, but it was in Thompson's favor.

This action was brought to foreclose plaintiff's claim, really a mortgage, upon the land covered by the certificates.   The defense

was usury, it being claimed that the note was usurious to the extent of the difference between the amounts paid out on March 14th for taxes, interest, and to Fuglie, $148.42, and the amount of the note $168.80. This defense was sustained by the verdict of the jury, but we are of the opinion that the verdict ought not to be upheld. According to the charge, the result was made to depend upon the taxes of 1887, which were actually due when the note was made, although no interest or penalty attached before June 1st; and the jury were instructed that, if the payment of May 24th was a mere shift or device to escape the consequences of an usurious contract, they should not hesitate to find for defendant. If the contract was not usurious when made, it could not afterwards become so, and it is obvious from Thompson's testimony that plaintiff was authorized to pay up the taxes of 1887. He did nothing more than he was empowered to do when he paid the amounts which Thompson was under obligation to pay in order to keep the property,—his indebtedness, in fact. Thompson's testimony, fairly construed, is to the effect that he desired the plaintiff to pay off and discharge all liens upon the lands, and wished to make a loan for that purpose; the exact amount needed to be ascertained by plaintiff. The latter took his note for such sum as he figured would cover the liens, but really for less, and paid out the necessary money. We are unable to see that there was a usurious contract, upon the theory of the case on which it was submitted to the jury.

Order reversed.

(Opinion published 57 N. W. Rep. 205.)