WILLIAM H. TEMPLE v. JAMES T. DAVIS and Others.[1]

July 28, 1911.

Nos. 17,189—(242).

**Usury.**

> The contract set forth in the opinion construed, and *held* not to be usurious on its face.

Action in the district court for Hennepin county against James T. Davis, Sarah J. Davis, the wife of Richard H. Davis, and Sarah

[1] Reported in 132 N. W. 257.

J. Bishop, for judgment declaring plaintiff to be the owner of certain property, free and clear of any claims of defendants and, if the court should be of opinion that any sum was due to any of the defendants under the contract set out in the opinion, for an accounting. The complaint alleged that the mortgages executed by the defendant Sarah J. Davis, and her husband, to the defendant James T. Davis and the defendant Bishop, were made with full notice on the part of the respective mortgagees of the actual ownership of the premises by plaintiff. The separate answer of defendant Davis expressly denied that plaintiff had any interest whatever in the premises since December 5, 1905; that Richard H. Davis ever entered into any contract whereby he agreed to advance and loan plaintiff the sum of $3,000 or any other sum; that he ever took from plaintiff the deed to the premises, as security for a loan of $3,000; that the property was worth $6,000 on December 5, 1905, and at the time of the answer $8,000; that he made the agreement with the corrupt intent to take and reserve a greater interest and compensation for the money so advanced than was allowed by law; that defendants Davis at the time of the delivery of the deeds to them were not purchasers in good faith; that they accepted the deeds with full knowledge of the actual ownership by plaintiff and of the condition of the pretended title in Richard H. Davis. The answer further alleged that defendant Sarah T. Davis was the owner in fee and in actual possession of the property.

The case was tried and submitted upon the question of usury to Holt, J., who made findings of fact and as conclusion of law found that the written agreement of December 6, 1905, between William H. Temple and Richard H. Davis was a valid and binding agreement and contract. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Bracelen & Cronin* and *John D. O'Brien,* for appellant.

*Koon, Whelan & Hempstead,* for respondents.

START, C. J.

This action was brought to have a deed of eighty acres of land and the mortgages thereon canceled, and the plaintiff adjudged to be·

the owner thereof, free from any claims thereon of the defendants, on the ground that the contract pursuant to which the deed was executed was for a loan of money and usurious. The case was tried by the court without a jury, and findings of fact made in favor of the defendants, and judgment directed to be entered in their favor. It was so entered, from which the plaintiff appealed.

The only error here assigned is to the effect that the ninth finding of fact by the trial court is not supported by the evidence. It follows that, if this finding is sustained by the evidence, the judgment appealed from must be affirmed; otherwise not. The finding complained of is in substance that there is no evidence that the contract referred to, and dated December 6, 1905, was not entered into by the parties thereto in good faith by each of them; that the party to the contract, Davis, who furnished the money to redeem the land, did not thereby reserve, or seek to reserve, and secure a greater sum for the use of the money advanced by him than was allowed by law, and that he did not make the contract and advancement with the corrupt intent to take or reserve a greater rate of interest for the money advanced than was allowed by law, and the contract is not void for usury. The trial court also found that the land at the time the contract was made was of the value of $6,000.

It is conceded that whether this finding is sustained by the evidence depends wholly upon the construction of the contract referred to, which, so far as here material, is to the effect following:

Whereas, William H. Temple has this day conveyed to Richard H. Davis by warranty deed the east half of the northeast quarter of section 12, township 117, in range 22; and

Whereas, Davis, in consideration therefor on the last day of redemption redeemed the land from a foreclosure sale by advancing the necessary money to Temple for that purpose, as well as for the payment and satisfaction of two certain mortgages on the land, all of which instruments of said satisfaction and redemption bear date December 5, 1905:

Now, therefore, in consideration of their mutual covenants and agreements, and other good and valuable consideration, it is hereby

agreed by and between the parties hereto that upon the sale of the lands the proceeds shall be set apart and divided as herein specified: First, Davis shall retain therefrom the sum of $3,000, and interest thereon at the rate of six per cent. per annum from date, together with such taxes, charges, and assessments as he from time to time may have paid on the land, with the same rate of interest thereon.

Further it is agreed by the parties that upon the sale of the land should the proceeds therefrom exceed the sum to be first paid to and retained by Davis, then in that event the parties hereby agree that the excess shall be equally divided between them; it being understood and agreed, however, that in any event Davis shall be paid and shall retain at least the sum of $500. Temple, in consideration of the covenants, promises, and advancements herein provided and made, guarantees to Davis the sum of $500 upon the sale, over and above the amount of $3,000 and interest first herein provided.

Further, it is agreed that the land shall be sold as soon as possible to the best advantage of the respective parties, and not sacrificed.

The record contains no evidence tending to show the circumstances under which the contract was entered into. The question, then, whether the pivotal fact, found by the trial court, to the effect that Davis did not reserve a greater sum for interest for money advanced than ten per cent. per annum, is sustained by the evidence, must be solved solely by what appears upon the face of the contract. There is here no claim of any shift or device to conceal the real transaction and thereby evade the statute as to usury, for the real transaction was and is stated in the formal written contract. Is this contract usurious as a matter of law on its face?

The test whether a contract is usurious is: Will it, if performed, result in securing to the lender a greater rate of interest than the statute permits? Smith v. Parsons, 55 Minn. 520, 57 N. W. 311; Hutchinson v. Herrick, 58 Minn. 473, 59 N. W. 1103.

The burden of proving usury is on him who asserts it, by a fair preponderance of the evidence; but, as it works a forfeiture, the evidence should be scrutinized with more strictness than in ordi-

nary civil actions. Yellow Medicine County Bank v. Cock, 61 Minn. 452, 63 N. W. 1093; Saxe v. Womack, 64 Minn. 162, 66 N. W. 269. Therefore any fair doubts as to the construction of the contract here in question must be resolved in favor of the defendant. The contention of the plaintiff is that the contract provides for a loan of money by Davis to him, with interest at the rate of six per cent. per annum and a bonus of at least $500; hence it is usurious. On the other hand, the defendant claims that the contract does not provide for a loan, but is a profit-sharing contract, without any promise to repay any part of the sum advanced. If this be the correct construction of the contract, it is not usurious; for a loan of money and an agreement for its repayment at all events are essential to constitute usury. We are, however, unable so to construe this contract, for it does not provide, as defendant claims, that the payment of at least $500 profits to Davis shall be contingent upon there being an excess of the proceeds of the sale of land over and above what Davis was entitled to receive for his advances and interest at six per cent. On the contrary, the plaintiff by the contract expressly guarantees to Davis the sum of $500 upon the sale over and above the amount of $3,000 and interest.

Construing this guaranty, in connection with the other provisions of the contract, it is clear that it relates to profits, and that the plaintiff guaranteed Davis $500 profits on the transaction. Now, profits are the opposite of losses in a transaction, and a majority of the court are of the opinion that the guaranty of profits was necessarily a guaranty against loss. If, to illustrate, the land sold for a sum of $500 less than the amount advanced and interest at the stipulated rate, and Davis had sued upon the guaranty, the measure of his damages would have been the $500 unpaid on the advances and $500 profits. It does not, however, follow from this construction that the contract is usurious on its face; for it does not appear with any degree of certainty that a performance of the contract would result in securing to Davis a greater rate of interest than is permitted by law. The debt would mature upon the sale of the land, and not before; but the time within which the sale shall be made is contingent and uncertain. It was agreed that it should be sold "as

soon as possible to the best advantage of the respective parties, and not sacrificed." This contingency might not reasonably occur within five years, depending on the real estate market. If it did not, then the amount guaranteed would not give Davis a greater rate of interest on the amount advanced than ten per cent. The fact that the land was worth $6,000 at the time the contract was made is not significant in this connection, for it was not then sold; but the parties entered into the contract, which is the sole evidence relied upon by the plaintiff to sustain his contention that the finding of fact by the trial court is not sustained by the evidence. We hold that the contract is not usurious on its face, and that the finding of fact is sustained by the evidence.

Judgment affirmed.