## D. L. BOWMAN v. E. J. W. KOHLHASE.[1]

January 14, 1927.

No. 25,800.

**Finding sustained that contract was not usurious.**
> The evidence sustains the finding that the compensation to be paid defendant above the legal rate of interest on the money advanced was for other services to be performed by him and that the contract was not usurious.

Usury, 39 Cyc. p. 1056 n. 82.

Plaintiff appealed from a judgment of the district court for Koochiching county, McClenahan, J. Affirmed.

*Henry Funkley,* for appellant.
*Huffman & Smith,* for respondent.

TAYLOR, C.

Action to cancel a contract and the promissory notes given to defendant for advances made thereunder on the ground that the contract was usurious and void. The court rendered judgment for defendant and plaintiff appealed.

[1]Reported in 211 N. W. 828.

Plaintiff had a small sawmill outfit which he moved from place to place, and had been engaged for some years in logging and manufacturing timber. In 1923 he had neither money nor credit with which to continue his operations, and sought aid from defendant, the cashier of a small bank at Mizpah, whom he had known for several years. In November, 1923, he made a proposition to the effect that if defendant would aid in procuring the timber, would furnish the funds necessary for carrying on the logging and sawing operations, and take charge of selling the products, he would allow defendant ten per centum on the money advanced and five per centum on the proceeds received from the products. They understood that a tract of desirable timber could be bought for $2,500. Defendant concluded to accept the proposition if he could arrange for the necessary funds, but told plaintiff he did not have the money and could not go into the project unless he could arrange to procure it outside his own bank. They went together to Bemidji where defendant made an arrangement by which he could obtain $2,500 from a Bemidji bank. It turned out however that the timber they had in mind could not be bought for $2,500 and that project was abandoned. Later plaintiff ascertained that a quantity of timber owned by one Scully could be bought for $1,400 with a cash payment of only $300. He submitted this proposition to defendant and they consummated this purchase. On January 14, 1924, the timber was deeded to plaintiff and defendant made the cash payment for which plaintiff gave his promissory note. Immediately thereafter plaintiff began logging operations. On January 24, 1924, they reduced their contract to writing without the aid of a lawyer. It provides "that the party of the first part (defendant) hereby agrees to extend financial aid to the party of the second part (plaintiff) for the purposes of logging and manufacturing lumber and lath and such other timber products as in the discretion of the party of the first part shall seem advisable."

It provides that plaintiff shall log and manufacture the timber in a workmanlike manner and according to the rules of the lumbermen's association; that all manufactured products shall be the prop-

erty of defendant until he "is fully re-imbursed for all money or other aid * * * extended;" and that the sawmill shall be under his control for the purpose of manufacturing this timber until the contract is terminated. It provides that defendant shall sell all products and keep an account of all expenditures and receipts, his books to be open to inspection by plaintiff at all times. It provides that plaintiff shall keep an accurate count of all logs cut and handled, shall keep a time-book, and an accurate pay-roll, subject to inspection by defendant. It further provides:

"For the above said second party (plaintiff) agrees to pay said party of the first part (defendant) ten per cent for all money advanced and five per cent of the gross receipts, less freight."

Pursuant to his agreement defendant furnished money at the times and in the amounts requested by plaintiff, and the amount so furnished is now represented by four promissory notes executed by plaintiff on October 3, 1924, aggregating the sum of $4,292.32. Trouble arose between them growing out of defendant's demand for plaintiff's time-books and pay-rolls for the purpose of checking the operating expenses evidenced by them. Not receiving records from which he could check such expenses, defendant refused to make further advances until plaintiff produced them. Thereupon plaintiff brought this action to cancel the contract and the above mentioned promissory notes on the ground that the contract was void for usury.

The court found that each and all of the allegations of the complaint upon which plaintiff based the charge of usury were not supported by the evidence and were not true. The court further found that it was the intention of the parties as appears from the written contract "and from the acts and conduct of the parties, that defendant would extend aid to plaintiff in other ways than simply by loaning money, and that defendant did extend such additional aid and did perform additional services for plaintiff."

The court further found:

"That all compensation provided for secured and paid to defendant under the contract * * * over and above the legal rate of

interest on the money loaned to plaintiff was reasonable, fair and equitable compensation for the aid and services rendered by defendant in carrying out the terms of the contract, and that it was the intention of the parties in making said contract that the compensation provided for therein, over and above the legal rate of interest on the money loaned to plaintiff, was to compensate and pay defendant for the additional aid and services rendered to plaintiff other than the loaning of money."

A careful examination of the record satisfies us that these findings are sustained by the evidence. There is very little conflict in the testimony and we deem a discussion of it unnecessary. In addition to the money furnished, defendant also guaranteed the payment of plaintiff's bills for additional machinery and for supplies for his camps and crew amounting to a considerable sum. Both parties agree that it was understood that defendant was to sell the products, collect the proceeds and keep the accounts. Defendant attempted to find purchasers but had succeeded in disposing of only a small quantity when plaintiff found a prospective purchaser whose representative he took to defendant and with whom a contract was made for practically all of the timber to be manufactured. Plaintiff stresses the fact that this purchaser was found by him and not by defendant, but that fact has no important bearing upon the question here involved.

We think that the conclusion reached by the learned trial court is correct and its judgment is affirmed.