FEEST and wife, Respondents, vs. HILLCREST CEMETERY, INC., and others, Appellants.

*May 14—June 15, 1945.*

For the appellants there was a brief by *Taylor, Phillips & Taylor* of Kenosha, and oral argument by *David I. Phillips*.

For the respondents there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *L. E. Vaudreuil*.

FOWLER, J.   The action was brought for strict foreclosure of a contract purporting to evidence the purchase by the defendant Hillcrest Cemetery, Inc., hereinafter referred to as "Hillcrest," from the plaintiffs of five burial lots in Hillcrest.

The other defendants are Sunset Ridge, Inc., a cemetery corporation, to which the land comprised in Hillcrest was conveyed by the receiver appointed by the municipal court of Kenosha county in an action entitled John Erlands against Hillcrest Cemetery, Inc., and George W. Taylor and Grace Taylor to whom the Hillcrest's interest in the cemetery land was conveyed by sheriff's deed executed pursuant to sale on an execution issued on a money judgment duly entered against Hillcrest. Judgment was entered October 14, 1944, requiring the defendants to pay the amount due according to the terms of the contract on or before October 15th, and barring them from all interest in the lots unless the sum was so paid.

The transaction between the plaintiffs and Hillcrest out of which the suit arose was as next stated. The plaintiffs loaned $500 to Hillcrest Cemetery, Inc., on which Hillcrest was to pay them ten per cent interest. The undisputed evidence so establishes, and the trial judge in a memorandum decision filed so stated, although this fact was not incorporated in his formal findings. To integrate the transaction three instruments in writing were executed: (1) A judgment note was executed by Hillcrest to plaintiffs for $550.85, due in three years after date, with interest at six per cent after date until paid. The amount of this note when due was $650, which amounted to $500 and interest at ten per cent for three years; (2) Hillcrest executed to plaintiffs running to them and their heirs a deed to five cemetery lots to be used solely for the burial of the dead. The deed also provided that the grantees should never mortgage the lots or use them for any purpose but for burial of the dead and erection of monuments or markers thereon, and warranted that the grantors had title to the lots in fee simple and right to convey them for the uses specified in the deed and that they had right to sell and convey them for said uses. The deed also contained a covenant that the grantor would perpetually maintain the care of the lots according to

the cemetery rules and forever maintain the cemetery grounds as a burial park; (3) an instrument in form a land contract in terms substantially the same as those ordinarily used in case of the purchase of land whereby Hillcrest agreed to pay the plaintiffs $650 and the plaintiffs on such payment agreed to convey the lots to Hillcrest.

We consider that the land contract and cemetery deed operated merely to secure payment of the sum loaned and interest thereon as agreed.

Hillcrest made no answer to the complaint. Sunset Ridge, Inc., and the Taylors filed identical answers alleging that the contract sued upon is void because *ultra vires*. This claim is based on the hypothesis that Hillcrest had only such power as is conferred on cemetery corporations by ch. 157, Stats., and that chapter confers no power to execute the instruments executed by the instant parties to integrate this transaction, and that the transaction was contrary to public policy.

Hillcrest was a commercial cemetery corporation organized under ch. 180, Stats. Such organization was proper notwithstanding that ch. 157, Stats., was in existence when it was organized, and provided for another class of cemetery corporations. *Hillier v. Lake View Memorial Park,* 208 Wis. 614, 243 N. W. 406. Hillcrest's articles of incorporation expressly gave it power to operate and develop cemeteries; to own, hold, mortgage, or sell real estate and personal property of every description; and in general to carry on any other business in connection with the foregoing and to have and exercise all the powers conferred by law. These powers are manifestly within the power that sec. 180.11, Stats., authorizes corporations organized under ch. 180, Stats., to exercise. Sec. 180.11 (1) authorized Hillcrest to "hold and enjoy any right . . . [that] would be in direct aid of . . . [its] business," and sec. 180.11 (2) authorized it to "sell and convey" or "mortgage or lease" any of its property "whenever it shall be necessary for its business." There is

much in the briefs bearing on whether the right of burial in a cemetery lot, which at least the grantee in a deed to a cemetery lot has, is real or personal property, and whether a cemetery deed vests a title to or interest in real estate. But these questions are immaterial here. Plainly Hillcrest had the right to borrow money and to create a lien on its property as security for its payment, and the right to create such lien is property. The transaction was intended as and operated to create such lien, whatever else, if anything, it was conceived by the parties as doing or it is here contended that it did do. If the transaction operated as mortgage of real estate, as the delivery of a deed of land to secure a loan operates, then the mortgagor had the right to have its rights foreclosed and its right of redemption protected as provided in the statute prescribing the remedy for foreclosure of mortgages of real estate. But the mortgagor's right of redemption, if it exists, to be entitled to such protection should be asserted by answer to the complaint and the mortgagor did not interpose an answer. Nor did the Sunset Ridge, Inc., the cemetery corporation which has succeeded to the rights of redemption of the original mortgagor, if the transaction created a mortgage of real estate, assert such right of redemption in its answer nor did it assert it in the trial court nor is it here claimed in the briefs that we discover. If the contract was not one for the purchase of land and the plaintiffs were not entitled to foreclose it as such, and the papers integrating the transaction did not operate as a mortgage of real estate and entitle the plaintiffs to foreclose it as such, then the transaction created a loan and a lien on Hillcrest's rights to the cemetery lots named in the contract and cemetery deeds to secure payment of the loan, and entitled the plaintiffs to bring a suit in equity to enforce those rights by cutting off Hillcrest's rights in case payment was not made. That is precisely what the judgment entered did. No costs were awarded by the judgment. The judgment did not require either Sunset Ridge, Inc., or the Taylors

to repay the loan. The judgment might well have vested the right of burial in the plaintiffs, but the plaintiffs did not ask for relief in that respect nor are they here complaining that it was not given. Nor are the defendants complaining that they were given only one day in which to redeem the lot.

The defendants claim that under the terms of the cemetery deed the rights of the plaintiffs are not assignable because the deed runs only to the plaintiffs and their heirs, instead of to the plaintiffs, their heirs, and assigns. If the deed conveys an estate in land it conveys an estate of inheritance, and such an estate is one in fee simple under sec. 230.02, Stats., which has been in force ever since the enactment of sec. 2, ch. 56, R. S. 1849. If the deed to plaintiffs does not create an estate in land, the right of burial transferred to plaintiffs is a contractual right and therefore a property right and all such rights are assignable. See, in general, 4 Am. Jur., Assignments, p. 230, sec. 3.

The answers filed alleged that the contract sued upon is usurious, because by its terms it exacts more than ten per cent interest as condition of releasing lots from the contract or reconveyance of all the lots if demanded before due date. This claim is not tenable if for no other reason because a corporation cannot assert the defense of usury. Sec. 115.06, Stats. And it cannot be asserted without tender of the principal sum. Sec. 115.08.

We believe the above sufficiently covers the case.

*By the Court.*—The judgment of the municipal court is affirmed.