Hirsch, Appellant, vs. Smith, Respondent.*

*May 8—June 3, 1952.*

* Motion for rehearing denied, with $25 costs, on September 16, 1952.

*Clarence Simon* of Medford, attorney, and *James H. Wegener* of Madison of counsel, for the appellant.

For the respondent there was a brief by *Leicht & Curran* of Medford, and oral argument by *Clifford L. Curran.*

CURRIE, J.    Assuming, but not deciding, that the finding of the trial court, that the original $1,500 advance made by Hirsch to Smith constituted a loan, and not an investment in the partnership, is supported by the great weight and clear preponderance of the evidence, this appeal presents the question of whether an agreement to share in earnings in lieu of interest is usurious when such share of earnings

amounts to more than the maximum rate of interest permitted by statute.

The Minnesota supreme court in *Andrews v. Andrews* (1927), 170 Minn. 175, 181, 212 N. W. 408, 213 N. W. 899, 51 A. L. R. 542, passed upon this identical question. In that case the sum of $8,750 was loaned in 1905 and a demand note without interest was received by the party making the loan. On the same date the maker of the note gave the payee a written contract agreeing to give him a pro-rata share of the earnings of a hotel property which was to be purchased by a company composed of the borrower and others. At the time the borrower died in 1924, the value of the noteholder's *pro rata* share venture was found to be $42,044.09. An action was brought against the borrower's estate for the same. A defense of usury was interposed, but the court held that the transaction was not usurious, and declared:

"As to the defense of usury, it is an established rule that, if a contract for the loan of money is valid when made, it does not become void for usury, although it subsequently develops that the lender will receive a greater return for the use of his money than the highest rate of interest which may be exacted lawfully. *Rugland v. Thompson*, 55 Minn. 466, 57 N. W. 205; *Smith v. Parsons*, 55 Minn. 520, 526, 57 N. W. 311. It is also a rule of general application that, when the payment of full legal interest is subject to a contingency which puts the lender's lawful profit in hazard, the interest so contingently payable need not be limited to the legal rate, provided the parties contract in good faith and without intention to avoid the usury statute. See 39 Cyc. 952, and cases cited, and *Bowman v. Kohlhase*, 170 Minn. 8, 211 N. W. 828.

"The rule was applied in *Temple v. Davis*, 115 Minn. 328, 132 N. W. 257, the court saying that it did not appear from the contract with any degree of certainty that performance thereof would result in securing to the lender a greater rate of interest than is lawful. So here, where there was no certainty that the Brunswick hotel property would produce

profits, it cannot be said that it appears that the parties intended to evade the usury laws, or that it was claimant's purpose to exact a greater return for the loan than the law allows.

"We conclude that the court correctly ruled that the defense of usury was not available."

At the time the contract was executed in *Andrews v. Andrews* in 1905, the Minnesota statute on maximum rate of interest was very similar in wording to sec. 115.05, Wis. Stats. Subsequently Minnesota enacted a special statute removing arrangements for sharing profits of business ventures from the operation of the usury laws, but such subsequent statute was not considered by the Minnesota court in arriving at its decision in the *Andrews Case.*

A more recent case holding to the same effect as *Andrews v. Andrews, supra,* is the New York case of *Mueller v. Brennan* (1947), 68 N. Y. Supp. (2d), 517, 518. In that case $10,000 was loaned for a definite period to two borrowers who gave a receipt for the advance, reading in part as follows: "This loan shall be repaid on June 6, 1946. This loan is noninterest bearing but in lieu of interest we agree to pay to you a sum equal to one third (1/3) of the profits of said business." There was a clause providing for arbitration to determine the amount of any net profit. Suit was brought for the balance of unpaid principal together with the share of profits due under the agreement, which profits amounted to more than the maximum legal rate of interest. The court in its decision declared (p. 518):

"As to the first cause of action, the plea of usury is not well taken. The note was noninterest bearing, and the whole transaction amounted to putting $10,000 capital into the venture with a guaranty of the return of the capital, but no guaranty of any profit whatsoever. Under these conditions, it cannot be said that there was a loan of money on usurious terms."

In an annotation appearing in 51 A. L. R. 552, 554, the rule applicable to the present case is stated as follows:

"A loan in consideration of a share in profits, income, or earnings, in lieu of, or in addition to, interest, is not usurious, in the absence of certainty that the arrangement would produce a return in excess of the legal rate of interest, though the principal is to be repaid in any event."

The early case of *Cooper v. Tappan* (1859), 9 Wis. *361, is illustrative of the type of arrangement which is clearly usurious, and the facts of that case are readily distinguishable from the instant case. In that case the defendant turned over $2,000 of goods to the plaintiffs and received a judgment note for $2,000 payable one day after date, and the plaintiffs also executed four additional notes to the defendant in the sum of $250 each, one due six months, one twelve months, one eighteen months, and the last one two years after date. The alleged agreement between the parties was that judgment was only to be entered on the $2,000 note in the event the plaintiff borrowers became financially embarrassed, but otherwise it was contemplated that the $2,000 would not be repaid for two years. The defendant was to be considered a partner during such two-year period and his share of partnership earnings was computed in advance at $250 per each six months, and the four additional notes of $250 each represented such partnership earnings. The court was clearly right in holding that this was a usurious arrangement, because the defendant was taking no risk with respect to the partnership earnings inasmuch as he was guaranteed that his share of such earnings, as represented by the four $250 notes, would amount to more than the maximum rate of interest permitted by law.

The defendant contends that in the instant case the agreement as to sharing earnings should be held to be usurious because Hirsch was fully acquainted with the past earnings

of the business under Smith's management and had every reason to expect that the earnings would continue good in the future. The answer to this is that although he may have anticipated that the future earnings of the business would be good and would probably net him a return larger that the maximum rate of interest, nevertheless, no one could foresee future business conditions, and Hirsch took the risk that if Medford Motors should have no earnings in any year, or should sustain a loss, he would receive no return on his advance for such year. It is our conclusion, based upon the foregoing authorities cited herein, that the arrangement for sharing of earnings in lieu of interest in the instant case was not usurious.

There is, however, a further reason why plaintiff is entitled to the full amount due on the note of April 1, 1948, and that is the failure of the defendant to comply with the provisions of sec. 115.08, Stats. Such statute provides as follows:

"Whenever any person shall apply to any court in this state to be relieved in case of a usurious contract or security, or when any person shall set up the plea of usury in any action instituted against him, such person to be entitled to such relief or the benefit of such plea shall prove a tender of the principal sum of money or thing loaned to the party entitled to receive the same."

It is conceded that the tender of $1,561 made by defendant to plaintiff under date of October 3, 1950, was insufficient because it did not include the subsequent advances of Hirsch to Smith of $300 and $500, respectively. The payment into court of the full amount of principal due at the time of the entry of judgment on October 1, 1951, took place after the trial of the action and therefore was too late. Defendant advances as a reason why the tender of October 3, 1950, did not include the subsequent advances of $300 and $500, that it was because defendant was unaware at the time of

making such tender that such additional sums had been advanced by Hirsch. However, on December 28, 1950, counsel for defendant conducted an adverse examination of Hirsch at which Hirsch testified that he had made the additional advances of $300 and $500. Therefore, defendant's counsel knew of such advances as of December 28, 1950, and yet took no steps to make a new tender of the correct amount of principal advanced until after trial and the entry of judgment.

In *Friedman v. Wisconsin Acceptance Corp.* (1927), 192 Wis. 58, 210 N. W. 831, this court held that a tender of $300 was insufficient under sec. 115.08, Stats., to permit the borrower to raise the plea of usury where the actual amount of principal due was $321, the tender being short $21 of the correct amount. For other cases in which sec. 115.08 has been applied by this court see *Feest v. Hillcrest Cemetery, Inc.* (1945), 247 Wis. 160, 19 N. W. (2d) 246; *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370; and *Union Trust Co. of Maryland v. Rodeman* (1936), 220 Wis. 453, 466, 264 N. W. 508.

Under date of April 23, 1952, counsel for defendant served by mail a notice of motion to dismiss the within appeal because the return to this court required by Rule 4 (sec. 251.254, Stats.) was not made until February 11, 1952, and the supporting affidavit alleged that the appeal was perfected on December 14, 1951. It appears, however, from a letter written by defendant's counsel to plaintiff's counsel under date of February 8, 1952, that the admission of service on the notice of appeal was actually signed February 8, 1952, by defendant's counsel, but the admission was dated back to December 14, 1951. It thus appears that the return to this court was actually made within the twenty days after the serving of the notice of appeal, and the motion to dismiss is denied.

The plaintiff is entitled to have judgment entered against the defendant for the amount of the April 1, 1948, note in

the sum of $10,934.14 with interest thereon at five per cent from September 27, 1950 (the date of entry of the cognovit judgment), together with the costs and disbursements of the action.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment in behalf of the plaintiff and against the defendant consistent with this opinion.