## CARL O. WHISLER AND ANOTHER v.
## H. S. FINDEISEN.

160 N. W. (2d) 153.

June 21, 1968—No. 40,868.

*J. A. Harren,* for appellant.
*Brink, Sobolik & Severson,* for respondents.

MURPHY, JUSTICE.

This is an appeal from a summary judgment. It is contended that because there existed a genuine issue as to material facts the trial court erred in granting plaintiffs' motion for summary judgment.

Plaintiffs, Carl O. and Carry C. Whisler, signed a note in the sum of $19,000, payable to defendant, H. S. Findeisen, and secured by a real estate mortgage. The note was payable one year after the date of its execution, October 23, 1961, and bore interest at the rate of 8 percent per annum. A memorandum of an agreement, entered into between the parties on October 21, 1961, provided that the note was to include a prior obligation of $5,000, with interest, which was also secured by a mortgage. The memorandum recited that the agreement included a "New Loan for 11430.00" and "Bonus 2000.00." The agreement also provided that it was "[p]ayable on or before date the deal is completed," with interest at 8 percent.

On the basis of affidavits and pleadings, the trial court concluded that Minn. St. 334.03 required the determination that the $2,000 bonus item rendered the note usurious. He properly held under authority of I. J. Bartlett Co. v. Ness, 156 Minn. 407, 195 N. W. 39, that the prior indebtedness of $5,000 was not affected by the usurious nature of the note and in gratuitous findings of fact made allowance therefor.[1]

While subsequent developments may prove the trial court's determination is correct, we are of the view that before defendant is deprived of $11,430, which he loaned to plaintiffs, he should have an opportunity to further develop the facts and surrounding circumstances which might be of assistance in making a correct determination of questions of law. It would appear from the record that there was some discussion with reference to a collateral "deal" in which both parties may have been interested. The note provides that it is payable when "the deal is completed." After the note had become delinquent on December 6, 1962, plaintiff Carl Whisler, in a letter to defendant, referred to a "deal" by saying, "[T]here is no money coming out of the deal yet but when it does will not forget you as I and Mrs. W both apreciated what you did a year ago." Minn. St. 334.06 provides:

"Nothing in this chapter shall be construed as in any way affecting any contract whereby one party advances money to be used in business or other ventures mutually determined upon, and whereby the party receiving such money agrees to refund the same, with lawfully stipulated interest, and, in addition thereto, agrees to share, equally or otherwise, with the party so advancing the money, the profits of such business or ventures * * *."

Our view is that defendant should have an opportunity to prove, if he

---

[1] In summary judgment proceedings under Rule 56, Rules of Civil Procedure, the court cannot summarily try fact issues. The court merely rules that there are no genuine issues as to material facts and decides questions of law. While there is no objection to a court's making findings of fact if it wishes to do so, and such findings may well be helpful in making clear the basis of the trial court's decision, they are not entitled to the respect which an appellate court is required to give findings made pursuant to Rule 52.01. See, 3 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1242.

can, that the payment of the $2,000 bonus was contingent upon the profits of a business venture in which the borrowers were engaged. We are also of the view that defendant should be permitted to establish the full extent of plaintiffs' financial obligations growing out of the prior mortgage, including principal and interest, as well as actual advances or expenditures defendant may have made in connection therewith, including payment of taxes and insurance. See, Temple v. Davis, 115 Minn. 328, 132 N. W. 257; Becker v. Olkon, 176 Minn. 427, 223 N. W. 777.

Although the state of the record, as we view it, leads one to suspect that it is unlikely defendant will prevail upon trial, that fact is not a sufficient basis for refusing defendant his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Sprague v. Vogt (8 Cir.) 150 F. (2d) 795; Donnay v. Boulware, 275 Minn. 37, 144 N. W. (2d) 711; Clark, *The Summary Judgment,* 36 Minn. L. Rev. 567; 10 Dunnell, Dig. (3 ed.) § 4988b; Annotation, 48 A. L. R. (2d) 1188; Rakness v. Swift & Co. 275 Minn. 451, 147 N. W. (2d) 567.

Under the circumstances of this appeal, it would not be fair to burden plaintiffs with the expenses incurred. It is accordingly ordered that costs and expenditures should not be taxed to either party.

Reversed and remanded.