## LeVAIN DEMPSEY AND ANOTHER v. FRANK JAROSCAK AND ANOTHER.

188 N. W. (2d) 779.

July 2, 1971—No. 42508.

*Seltz, Tolaas & Seng* and *Douglas R. Seltz,* for appellants.

*Murnane, Murnane, Battis, deLambert & Conlin* and *Robert W. Murnane,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

NELSON, JUSTICE.

Appeal by plaintiffs from a judgment of the Ramsey County District Court entered pursuant to an order granting defendants summary judgment.

On March 1, 1969, at approximately 6 a. m., plaintiff Marcelline Dempsey was delivering newspapers on her son's morning route. The temperature was approximately 25 degrees above zero, and there was a considerable accumulation of packed snow and ice on the ground. Defendants had requested that their paper be delivered to the rear entrance of their home. To comply with this request, Mrs. Dempsey parked her car near defendants' driveway, which was the only access from the back of the house to the street, got out with defendants' paper, and walked to their driveway. She proceeded up the broad, flat driveway, which, like most of the other driveways in the block, was compacted with snow and ice. However, an area had been shoveled at a point where the driveway met with the rear sidewalk leading to defendants' back door. The cleared area appeared to have all of the snow removed down to the concrete of the driveway, but a thin coating of glare ice had formed on the surface of the concrete. As Mrs. Dempsey stepped from the packed snow onto the cleared area, she slipped on the ice and fell, injuring her left knee. No sand, salt, or other abrasive had been placed on the cleared area prior to the accident.

Mrs. Dempsey brought this action to recover for injuries sustained in the fall in defendants' driveway. Her husband, plaintiff LeVain Dempsey, sought to recover hospital and medical expenses resulting from the accident as well as damages for loss of his wife's services. Based upon the pleadings, Mrs. Dempsey's deposition, and photographs of the accident scene, defendants moved for summary judgment on the ground that there were no genuine issues of fact. The trial court, in its memorandum accompanying its order, stated:

"* * * [I]t appears without dispute that the evidence as adduced in the taking of the deposition of the plaintiff, Mrs. Dempsey, that no actionable negligence is shown on the part of the defendants, and therefore, the defendants are entitled to summary judgment in their favor. It is for these reasons the Court has granted the motion of the defendants herein."

The only issue on this appeal is whether summary judgment was properly granted by the court below.

■ Plaintiffs contend that Marcelline Dempsey's legal status, the nature of the duty owed to her by defendants, and whether that duty was breached, were genuine issues of fact to be determined by a jury, and that therefore the trial court's disposition of the case by summary judgment was error.

This court has consistently stated that, although summary judgment is intended to secure a just, speedy, and inexpensive disposition of a case, it is not designed to afford a substitute for a trial where there are issues of fact to be determined. Ahlm v. Rooney, 274 Minn. 259, 143 N. W. (2d) 65; Sauter v. Sauter, 244 Minn. 482, 70 N. W. (2d) 351.

As stated in 2 Hetland & Adamson, Minnesota Practice, p. 574:

"Issues of negligence and proximate cause are seldom matters capable of determination on a Rule 56 summary judgment motion. The legal standards of reasonableness and causation are uniquely jury functions."

In Sauter v. Sauter, *supra,* the plaintiff sought to recover for personal injuries which she sustained when defendant's alleged negligent acts caused the car in which she was a passenger to go off the road into a ditch and strike a telephone pole. On the basis of evidence adduced from depositions, the trial court ordered summary judgment for defendant, but this court reversed, stating (244 Minn. 484, 70 N. W. [2d] 353):

"A motion for summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. * * * *In other words a summary judgment is proper where there is no issue to be tried but is wholly erroneous where there is a genuine issue to try.*" (Italics supplied in part.)

However, this court did point out that summary judgment may be used to dispose of negligence actions, stating (244 Minn. 486, 70 N. W. [2d] 354):

"Although it is generally recognized that issues of negligence and contributory negligence are questions of fact and are not ordinarily susceptible of summary adjudication either for or against the claimant, it is not to be overlooked that in proper cases summary judgment may be entered where the material facts are undisputed and as a matter of law compel only one conclusion."

In the instant case, although the facts are not in dispute, they do not necessarily lead to one conclusion. Plaintiff's deposition revealed that she was delivering newspapers for her hospitalized son at the request of his newspaper supervisor. She had delivered papers to defendants on previous occasions, and she knew that they had requested deliveries be made at the rear entrance of their home. Her son, had he been delivering the newspaper, would have had the status of a business invitee on their premises, and it would seem quite illogical not to accord her that same status on defendants' premises, especially as she was there at the request of the newspaper supervisor.

In Zuercher v. Northern Jobbing Co. 243 Minn. 166, 171, 66 N. W. (2d) 892, 896, this court adopted the following definition of business visitor or invitee:

"A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them."

This court went on to say (243 Minn. 171, 66 N. W. [2d] 896):

"* * * Clearly, he who enters upon the business premises of another for the purpose of delivering goods purchased or sold is a business visitor within the meaning of the above definition."

When a business invitee enters the premises, a duty arises on

the part of the owner. In Behrendt v. Ahlstrand, 264 Minn. 10, 14, 118 N. W. (2d) 27, 30, we defined that duty as follows:

"The occupier of land is required to exercise reasonable care to warn a business invitee of dangers which the occupier knows exist or which he could discover with reasonable care. Those obligations on the part of the occupier exist only while the visitor is upon the part of the premises to which his invitation extends— the part which the occupier has made available to the visitor for the purposes which have made him a business invitee. * * *

\* \* \* \* \*

"The business visitor is entitled to assume that proper care has been exercised to make the premises safe and is not required to be on the alert for unusual conditions."

■ Defendants argue that plaintiffs' failure to submit affidavits in opposition to defendants' motion for summary judgment presenting specific fact issues, and instead relying on their pleadings, precludes them from having summary judgment denied.

Rule 56.03, Rules of Civil Procedure, which sets out the procedure for the trial court's ruling on a motion for summary judgment, does not make the use of affidavits by the adverse party mandatory. Moreover, the record does not reveal any use of affidavits by defendants in their motion for summary judgment, but it does show that plaintiffs submitted a brief, the deposition of plaintiff Marcelline Dempsey, and several photographs of the accident scene in opposition to defendants' motion.

Defendants also cite cases involving negligence issues upon which directed verdicts were granted and subsequently affirmed by this court. They contend that the situation in the instant case is so similar to those cases that summary judgment was not erroneously granted. They argue that the glare ice condition on the cleared area of their driveway was not a fact ever shown of which they had knowledge; that it was not shown that the ice had been on the concrete long enough to put defendants on notice; that if the ice came about by reason of temperature varia-

tion on the day preceding the accident, defendants should be allowed a reasonable time to remedy the situation; and that there was no testimony in plaintiff's deposition that defendants had breached any legal duty owed to her.

It seems to us that these arguments do not dispel the question of whether there were any genuine issues of fact in this case. Reasonable men could differ as to whether defendants had breached a duty owed to plaintiff. Their instructions were that the paper was to be delivered to the rear entrance. From this, the question arises as to whether they should have foreseen that the paper carrier would have come to the house through the back driveway and step onto the cleared area. The question also arises as to whether they should have foreseen that the temperature might have caused melting on the cleared area and subsequent freezing accompanied by ice, which ought to have been sanded to prevent slipping.

Neither should the trial court's opinion, nor this court's opinion, as to the chance of plaintiffs' prevailing upon trial be a criterion in deciding whether to grant summary judgment. In Whisler v. Findeisen, 280 Minn. 454, 456, 160 N. W. (2d) 153, 155, this court stated:

"Although the state of the record, as we view it, leads one to suspect that it is unlikely defendant will prevail upon trial, that fact is not a sufficient basis for refusing defendant his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them."

While subsequent developments may provide support for the trial court's determination in the instant case, we are nevertheless of the view that before plaintiffs are deprived of their day in court, they should have the opportunity to further develop the facts and surrounding circumstances which might be of assistance in making a correct determination of all material facts and applicable questions of law.

We reach the conclusion that under all the circumstances involved in the instant case there were issues of material fact to decide and that therefore it was error for the trial court to order summary judgment.

Reversed and remanded.