**Jean KACZOR, Trustee for the Heirs of Steven Kaczor, Decedent, Appellant,**

**v.**

**James MURROW and the Brainerd Dispatch Newspapers, Inc., Respondent.**

**No. C6-84-724.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

Martin Berg, Roseau, for appellant.

Richard R. Quinlivan, Quinlivan, Sherwood, Spellacy & Tarvestad, Gerald L. Hasselbrink, St. Cloud, Kenneth W. Dodge, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondents.

Heard, considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

PARKER, Judge.

The trial court granted summary judgment on Kaczor's negligence claims against Murrow. The court concluded that Murrow was driving in the proper lane at a legal rate of speed and did not contribute to the cause of a fatal accident. Kaczor appeals. We affirm.

## FACTS

A fatal, head-on collision occurred November 24, 1982. Respondent was driving a pickup truck in the proper lane of a two-lane highway at a speed between 50 and 55 miles per hour, delivering newspapers for the Brainerd Dispatch. He observed a vehicle following him which attempted to pass but pulled back. Respondent continued to drive properly in his lane at approximately 53 miles per hour, watching the road ahead and checking his mirrors to observe behind. An oncoming car collided with the vehicle behind respondent when that vehicle pulled out to pass.

## ISSUE

Did the trial court err in finding that, as a matter of law, a driver who was driving properly in his own lane within the speed limit was not negligent when he made no attempt to warn a following driver of a dangerous passing situation?

## DISCUSSION

Summary judgment is seldom granted on negligence issues. However, it may be entered where the material facts are undisputed and, as a matter of law, compel only one conclusion. *Dempsey v. Jaroscak*, 290 Minn. 405, 188 N.W.2d 779 (1971).

Here, summary judgment is appropriate because respondent Murrow's actions did not in any way constitute negligence. He kept a lookout in the direction he was traveling and on occasion checked his mirrors to look to the rear. He drove within the speed limit and did not create any unreasonable risks.

Appellant contends that Murrow had a duty to warn the following driver of the potentially dangerous situation by taking steps such as slowing down, moving more to the right, sounding his horn, or flashing his lights. The law does not impose such a duty.

A driver has no duty to keep a constant lookout to the rear and give warning signals to a following car when it is unsafe to pass. *Nash v. Christenson*, 241 Minn. 164, 62 N.W.2d 800 (1954). In *Nash*, the third vehicle in a line pulled out to pass, observed oncoming traffic, and attempted

to get back into the proper lane. In the process, the driver struck the second vehicle in the line and was thrown into the path of an oncoming car. The court held that while a driver has a primary duty to watch in the direction of travel, he is not required to give warnings or drive on the shoulder of the road.

In a similar situation in *Prink v. Tonak*, 273 Minn. 46, 54, 140 N.W.2d 70, 76 (1966), the court again found that looking forward, rather than to the rear, is not negligence. The leading driver is not required to look to the rear or drive onto the shoulder of the highway.

 The evidence presented here is undisputed and compels the conclusion that Murrow was not negligent. Because there is no duty to warn a following driver, Murrow did not breach a duty and should not be held liable.

### DECISION

Summary judgment in favor of respondent Murrow is affirmed.

Affirmed.