**Carol BENSON, Appellant,**

v.

**NORTHERN GOPHER ENTERPRISES, et al., Respondents.**

**No. C7–89–671.**

Court of Appeals of Minnesota.

Oct. 17, 1989.

Review Granted Dec. 1, 1989.

Douglas E. Schmidt, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for appellant.

John M. Anderson, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondents.

Heard, considered and decided ,by CRIPPEN, P.J., and NORTON and LOMMEN*, JJ.

### OPINION

CRIPPEN, Judge.

Appellant contends the trial court's exclusion of relevant expert testimony consti-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tutes reversible error. Appellant concluded and the trial court agreed that the evidentiary ruling was tantamount to a summary judgment, and the trial court granted that relief. We reverse and remand for trial proceedings.

## FACTS

Appellant offered the testimony of Phillip Anderson, a mechanical engineer, that her landlord's wrongful failure to ventilate the basement garage caused dangerous levels of carbon monoxide (CO) to accumulate in her fourth floor apartment. She was a tenant for fifteen and one-half months through October 15, 1985. Evidence of record shows these bases for the expert's opinion on causation: 1) unsafe CO levels were measured in the garage in 1982; 2) high CO levels were also found in first and second floor apartments and a stairwell in 1982, with greater accumulations higher in the stairwell; 3) CO accumulations in 1982 dissipated after ventilation system repairs were completed; 4) ventilation system repairs in 1982 successfully corrected the accumulation problem; 5) high CO levels and exhaust smell were detected in appellant's apartment in 1985; 6) further garage ventilation system problems occurred in 1985; 7) 1985 CO levels in appellant's apartment dropped when the garage ventilation system was repaired; 8) according to an opinion expressed earlier by the expert, there was no other conceivable source of CO in appellant's apartment. The expert acknowledged that no technicians measured high CO levels in the garage in 1985. Based on this last piece of testimony the trial court excluded the expert's opinion as to the source of the CO in appellant's apartment.

## ISSUE

Did the trial court err in excluding testimony of appellant's expert?

## ANALYSIS

The trial court concluded that the expert's opinion was not "justified" by available evidence. Expert opinion is incompetent for lack of foundation if its premises fail to make it probative. Minn.R.Evid. 403 (relevant evidence excludable by danger of misleading the jury); Minn.R.Evid. 702 (expert testimony available if it assists the trier of fact to determine a factual issue); *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987).

We have found no cases otherwise stating the standard of law for deciding whether evidence in the case is adequate to make an expert's opinion valuable and admissible. We conclude, however, at least where the proffered testimony goes to the ultimate issue of causation, that admissibility is governed by the same standard employed in assessing the sufficiency of evidence to defeat a motion for a summary judgement, jnov, or a directed verdict.[1]

Generally, this court will not reverse a trial court's decision to exclude expert testimony for lack of foundation unless the trial court abused its discretion. *Reinhardt v.*

1. Evidence withstands a jnov or directed verdict motion if it is "sufficient." Minn.R.Civ.P. 50.01; *see also* Minn.R.Civ.P. 50.02. Applying these rules the supreme court says evidence is sufficient for these purposes if it reasonably tends to sustain a verdict. *Bischer v. Homart Development Co.*, 328 N.W.2d 731, 733 (Minn.1983). Alternatively stated, the evidence is sufficient unless the verdict it would produce is "manifestly and palpably contrary to the evidence," *Roemer v. Martin*, 440 N.W.2d 122, 124 (Minn. 1989) (quoting *Vanderweyst v. Langford*, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975)); or one reasonable minds could not reach, *Lamb v. Jordan*, 333 N.W.2d 852, 855 (Minn.1983); or is contradicted by evidence "practically conclusive against the verdict." *Bischer* at 733 (quoting *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 507,

232 N.W.2d 236, 239 (1975)). A summary judgment is inappropriate if the prospective evidence shows a "genuine" issue of fact. Minn.R. Civ.P. 56.03. Here also evidence is sufficient unless there could "be but one reasonable conclusion as to the verdict," or "reasonable jurors" could only render another verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 252, 106 S.Ct. 2505, 2511, 2512, 91 L.E.2d 202 (1986). Alternatively stated, the case is triable "if there is reasonable doubt as to the facts." *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954). Evidence is sufficient to compel a trial where a claim is not shown to be "sham, frivolous, or so insubstantial that it would be obviously futile to try." *Whisler v. Findeisen*, 280 Minn. 454, 456, 160 N.W.2d 153, 155 (1968).

*Colton,* 337 N.W.2d 88, 93 (Minn.1983); *Walton v. Jones,* 286 N.W.2d 710, 713 (Minn.1979).

We are convinced that the trial court abused its discretion in finding the premises for the expert opinion inadequate as a matter of law. While the evidence is circumstantial regarding the presence in 1985 of CO in the garage, the evidence does not lack probative value as a matter of law. By introducing evidence of the 1982 circumstances, appellant made a substantial showing of a reasonable correlation between CO levels in appellant's apartment and ventilation system problems. Additionally, appellant has produced evidence that there is no other reasonable theory of causation. The weight of the expert's opinion is for the jury to assess.

### DECISION

Evidence of record reasonably tends to sustain the opinion offered through appellant's expert. The evidence was competent and it was error here to exclude it.

Reversed and remanded.